

FILED
18-0957
6/10/2019 11:51 AM
tx-34235580
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

JESSICA Z. BARGER
barger@wrightclosebarger.com

Board Certified Civil Appellate Law
Texas Board of Legal Specialization

June 10, 2019

Hon. Blake Hawthorne                    ***Via Electronic Submission***
Supreme Court of Texas
Supreme Court Building
201 W. 14th Street, Room 104
Austin, Texas 78701

     Re:    No. 18-0957; *Furmanite America, Inc. v. Lisa Bueno Martinez*

Dear Mr. Hawthorne:

    Please see attached order lifting the bankruptcy stay in the above referenced matter. The parties request that the court lift the stay and reinstate the appeal.

    Thank you for your assistance in this matter.

               Very truly yours,

               /s/ *Jessica Z. Barger*

               Jessica Z. Barger

JZB/jcr

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with TEX. R. APP. P. 9.5 on this the 10th day of June, 2019, as indicated below:

*VIA EFILE*
Terry Shamsie
terryshamsie@hotmail.com
LAW OFFICES OF TERRY SHAMSIE
4002 Castle Valley Dr.
Corpus Christi, Texas 78410

Craig Smith
csslawrr@gmail.com
LAW OFFICE OF CRAIG SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418
CO-COUNSEL FOR INTEVENOR PLAINTIFF LISA BUENO MARTINEZ GONZALEZ AND ON BEHALF OF ETHAN MARTINEZ (ADOPTED CHILD OF JESUS GONZALEZ, DECEASED)

*VIA EFILE*
Gregory Holloway
gholloway@tekellbook.com
TAYLOR, BOOK, ALLEN & MORRIS, LLP
1221 McKinney
Suite 4300
Houston, Texas 77010
COUNSEL FOR DEFENDANT GALBRAITH CONTRACTING, INC.

*VIA EFILE*
Mark A. Carrigan
mcarrigan@cmrllp.com
Jon Alworth
jalworth@cmrllp.com

CARRIGAN, MCCLOSKEY & ROBERSON, LLP
945 Heights Boulevard
Houston, Texas 77008

*VIA EFILE*
Andrew J. Sarne
asarne@krcl.com
Chis C. Pappas
cpappas@krcl.com
Logan R. Burke
lburke@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Rd., 10th Floor
Houston, Texas 77056

Thomas F. Nye
tnye@GNQlawyers.com
Gault, Nye & Quintana, LLP
P.O. Box 6666
Corpus Christi, Texas 78466
COUNSEL FOR DELTA RUTH HENNEKE AS THE REPRESENTATIVE OF
THE ESTATE OF DENNIS HENNEKE

*VIA EFILE*
Bryan Harris
bkharris@lilesharris.com
Kevin Liles
kevin@lilesharris.com
LILES HARRIS, PLLC
500 North Water Street, Suite 800
Corpus Christi, Texas 78401-0232
COUNSEL FOR DEFENDANTS/CROSS-PLAINTIFFS RENE ELIZONDO

*VIA EFILE*
Lane P. Farley
lane.farley@fletcherfarley.com
Keith A. Robb
keith.robb@fletcherfarley.com

Hon. Blake Hawthorne
June 10, 2019
Page 4

Lorin M. Subar
lorin.subar@fletcherfarley.com
FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (facsimile)

Darrell Barger
dbarger@hdbdlaw.com
HARTLINE DACUS BARGER DREYER, LLP
800 N. Shoreline Blvd. Suite 2000,
North Tower
Corpus Christi, Texas 78401
(361) 866-8039 fax
ATTORNEYS FOR DEFENDANTS/PETITIONERS FURMANITE AMERICA,
INC., FURMANITE CORPORATION, and FURMANITE LOUISIANA, LLC
F/K/A FURMANITE US GSG LLC


                                        */s/ Jessica Z. Barger*
                                        Jessica Z. Barger

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHCROSS ENERGY PARTNERS, L.P., | ) | Case No. 19-10702 (MFW) |
| *et al.*, | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | **RE: D.I. 220** |
| | ) | |

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND LISA**
**BUENO MARTINEZ FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion (the "**Motion**")[2] of Southcross Energy Partners, L.P. ("**Southcross**"),

Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect

subsidiaries, each of which is a debtor and debtor in possession (collectively, the "**Debtors**") in

the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order pursuant to

sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019,

approving the *Stipulation Between Debtors and Lisa Bueno Martinez Modifying Automatic Stay*,

dated May 20, 2019 (the "**Stipulation**"), entered between the Debtors and Lisa Bueno Martinez

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(the "**Claimant**," and, together with the Debtors, the "**Parties**") for relief from the automatic stay to allow the Claimant to pursue the Claims against the Debtor Defendants, as more fully set forth in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Stipulation attached hereto as Exhibit 1 is approved.

2.       The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

3.       The fourteen day stay contemplated by Bankruptcy Rule 4001(a)(3) is waived, and this Order shall become effective immediately.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 10th, 2019**
**Wilmington, Delaware**

-3-

MARY F. WALRATH
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

**Stipulation**

DAVIS POLK & WARDWELL LLP

450 Lexington Avenue

New York, New York 10017

Telephone:   (212) 450-4000

Facsimile:    (212) 607-7973

Marshall S. Huebner (admitted *pro hac vice*)

Darren S. Klein (admitted *pro hac vice*)

Elliot Moskowitz (admitted *pro hac vice*)

Adam G. Mehes (admitted *pro hac vice*)

*Counsel to the Debtors*

*and Debtors in Possession*

MORRIS NICHOLS ARSHT & TUNNELL LLP

1201 North Market Street, 16th Floor

Wilmington, Delaware 19801

Telephone: (302) 658-9200

Facsimile: (302) 658-3989

Robert J. Dehney (No. 3578)

Andrew R. Remming (No. 5120)

Joseph C. Barsalona II (No. 6102)

Eric W. Moats (No. 6441)

*Local Counsel to the Debtors*

*and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SOUTHCROSS ENERGY PARTNERS, L.P.,** *et al.*, | **Case No. 19-10702 (MFW)** **(Jointly Administered)** |
| **Debtors.** | |

## STIPULATION BETWEEN DEBTORS AND
## LISA BUENO MARTINEZ
## MODIFYING AUTOMATIC STAY

Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC,

and Southcross's wholly owned direct and indirect subsidiaries, as debtors and debtors in

possession in these proceedings,[1] respectfully represent:

---

[1] The debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL

## Background and Jurisdiction

1.      On April 1, 2019 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by this Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Claimant's Claims

3.      Lisa Bueno Martinez (the "**Claimant**") contends that she has claims (the "**Claims**")  against Southcross Energy Partners GP, LLC, Southcross Energy Partners, LP, and Southcross NGL Pipeline, Ltd. (collectively, the "**Debtor Defendants**"), arising from an alleged explosion on April 12, 2016, near Woodsboro, Texas (the "**Explosion**") that caused the death of Jesus Gonzalez.

4.      On the Petition Date, the Claimant was stayed under 11 U.S.C. § 362(a) (the "**Automatic Stay**") from continuing her action (or commencing a new action) concerning the alleged wrongful death of Jesus Gonzalez.

---

Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976).  The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

2

5.      Pursuant to this stipulation (the "**Stipulation**"), the Claimant agrees to waive any and all claims against the Debtor Defendants that are not covered by insurance and agrees to seek recovery solely from the insurance coverage, if any, available under one or more policies available to the Debtor Defendants to satisfy the Claims (the "**Available Coverage**").  Debtors agree to use reasonable efforts to comply with all policy conditions and duties in order to keep all applicable policies in full force and effect.

6.      The parties to the Stipulation have agreed to modify the Automatic Stay solely on the terms and conditions set forth herein.

It is hereby stipulated and agreed, subject to and in accordance with the Automatic Stay Order, by and among the parties to this Stipulation, as follows:

7.      The Automatic Stay is hereby modified in *Furmanite America, Inc. et al. v. Lisa Bueno Martinez*, No. 18-0957 (Tex.), pending in the Supreme Court of Texas, solely to the limited extent necessary to enable (a) the Supreme Court of Texas to determine all pending Petitions for Review, (b) the Claimant to proceed against all defendants in a fully adversarial trial and judgment, (c) the Claimant to proceed with settlement demands, negotiations, and a settlement agreement, and (d) the Claimant to recover any liquidated final judgment or settlement on the Claims solely from Available Coverage.  Any final judgment rendered by the trial court against, or any settlement with, any Debtor will be reduced by (x) the amount of any applicable deductible or self-insured retention under the applicable insurance policy and (y) any share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer). The Automatic Stay shall not be modified for purposes of permitting the Claimant to attempt to recover from any Debtor or Debtor's estate for intentional conduct or punitive damages, except

3

to the extent she may do so from the Available Coverage.  The Claimant may seek punitive or exemplary damages from the Available Coverage.

8.      It is expressly understood by the Claimant that (i) the Automatic Stay is hereby modified solely with respect to the specific Claims of the Claimant identified herein and (ii) the Claimant may seek satisfaction of the Claims only as set forth herein, and that in no event will any of the Debtors, their estates or any other Debtor Defendant be liable to the Claimant in any other way whatsoever with respect to the Claims.

9.      Claimant on behalf of herself, her heirs, representatives and assigns, does hereby fully, finally and forever waive, release and/or discharge the Debtors (and related persons as described below) from and any all claims and other Liabilities (as defined below) arising from or relating in any way to the Explosion to the extent they are not covered or excluded by the Available Coverage.  The persons released include the Debtors, their estates (except the Available Coverage as provided for herein), the Debtor Defendants, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents (the "**Released Persons**").  The Liabilities released include claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, setoffs, liabilities, or any obligations of any kind whatsoever (however denominated), fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever). Released claims and Liabilities include those based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or

4

unasserted, matured or unmatured, prepetition unsecured, priority, or administrative. Claimant does not waive, release, or discharge her claims against Debtors' co-defendants in *Furmanite America, Inc. et al v. Lisa Bueno Martinez*, No. 18-0957, pending in the Supreme Court of Texas. Claimant does not waive, release, or discharge any claims within the scope of the Available Coverage.

10. In the event that any of the Debtors' estates shall be legally obligated to bear any costs of defending Claimant's Claim, including attorneys' fees, the modification of the Automatic Stay provided for in this order shall terminate automatically without further order of this Court. Such termination shall be without prejudice to Claimant's right to seek relief from the Automatic Stay.

11. The agreement by the Debtors to the modification of the Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Claimant in any way in the efforts of the Claimant to prosecute the Claims or secure payment on the Claims under the Available Coverage.

12. Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claims.

13. Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy, (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy (including the right of any insurer to disclaim coverage) or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self-insured retention or otherwise. All such rights,

5

remedies, defenses, defenses to coverage, claims and payment rights are expressly reserved and preserved. All rights of indemnification against non-Released Persons, and all rights of subrogation and contribution are expressly reserved and preserved. Furthermore, nothing in this Stipulation shall affect the existing obligations of any insurer to pay defense fees or expenses or the existing arrangements for the payment thereof.

14. The modification of the Automatic Stay as set forth herein shall have no effect on other claims or claimants that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to any such claimants or claims against the Debtors and their estates.

15. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the Automatic Stay has been modified to allow prosecution of the Claims in accordance with the terms hereof.

16. This Stipulation may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

17. This Stipulation constitutes the entire agreement and understanding of the parties regarding the Stipulation and the subject matter thereof. The terms set forth in this Stipulation are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.

18. The Court shall retain exclusive jurisdiction (and the Claimant consents to such retention of exclusive jurisdiction) with respect to any disputes between Debtors and Claimant

arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.  Debtors' Counsel shall serve Claimant's Counsel by email at csslawrr@gmail.com with any motion seeking to alter, interpret, or enforce the Automatic Stay as to Claimant or this stipulation.  Claimant reserves the right and option to enforce a judgment and otherwise seek relief from Debtor's insurance carriers and the Available Coverage in courts other than this Court.

19.     Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

20.     This Stipulation is effective upon submission to the Court without further order of Court and shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

Dated: May 20, 2019


| */s/ Elliot Moskowitz* | */s/ Craig Smith* |
|---|---|
| Elliot Moskowitz | Craig Smith |
| Davis Polk & Wardwell LLP | Law Offices of Craig Smith |
| 450 Lexington Avenue | 4493 SPID, Suite A, PMB 240 |
| New York, New York 10017 | Corpus Christi, Texas 78418 |
| | |
| For the Debtor Defendants | For the Claimant |


*/s/ Andrew R. Remming*

Andrew R. Remming
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801

For the Debtor Defendants